UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada corporation,<br><br>           Plaintiff,<br><br>v.<br><br>NELSON-RICKS CREAMERY COMPANY, a Utah corporation; NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation; and GREENBERG CHEESE COMPANY, a California corporation,<br><br>           Defendant. | Case No. 4:13-cv-00361-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendants' Motion to Set Aside Clerk's Entry of Default. In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will resolve the motion without a hearing. Dist. Idaho L. Rule 7.1.

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, the Court will grant Defendants' motion to set aside default. The Court will decline awarding attorney fees to Lakeview Cheese Company, LLC, as a condition for doing so.

## BACKGROUND

Plaintiff Lakeview Cheese Company, LLC ("Lakeview") filed its complaint against Defendants Nelson-Ricks Creamery Company, Nelson-Ricks Cheese Company, Inc., and Greenberg Cheese Company (collectively, "Nelson-Ricks") on August 15, 2013, alleging trademark violations. An answer was due on September 9, 2013.

According to the Complaint, Lakeview entered into an asset purchase agreement with Nelson-Ricks Creamery Company in November of 2012, and the purchase included federal trademark registrations for the mark BANQUET cheese. As a result, Nelson-Ricks Creamery Company could no longer sell BANQUET cheese or any other products with the BANQUET mark. Lakeview contends that it later discovered sales of BANQUET cheese by Nelson-Ricks Cheese, a joint venture between Nelson-Ricks Creamery and Greenberg Cheese Company. Lakeview contends that the sale of products by Nelson-Ricks Cheese with the BANQUET mark constitutes trademark infringement, and it seeks damages under the Lanham Act, and for common law trademark infringement as well as breach of contract.

Michael Greenberg is the president of Defendants Nelson-Ricks Cheese Company, Inc. and Greenberg Cheese Company. He learned of Lakeview's claims upon receipt of the complaint filed in this matter. According to Mr. Greenberg, he spoke to Richard Jackson, an attorney with Lakeview, and agreed to cease selling BANQUET labeled

cheese, and represents that it was his understanding that no further action would be taken. Aff. of Greenberg ¶4 (Dkt. 20.) An email sent by Mr. Jackson on August 26, 2013, confirmed that Greenberg Cheese and Nelson-Ricks Cheese agreed to immediately stop selling BANQUET labeled cheese, and that based upon that agreement, "Lakeview will not pursue a temporary restraining order or preliminary injunction." Aff. of Jackson Ex. A, (Dkt. 13-1.) Mr. Jackson indicated a settlement agreement was forthcoming. *Id.* According to Mr. Greenberg, based upon the agreement he had reached with Lakeview's attorney, Mr. Jackson, he did not retain counsel and it was his understanding that the only settlement term was to stop selling BANQUET labeled cheese in exchange for resolution of the lawsuit. Aff. of Greenberg ¶5 (Dkt. 20.)

Lakeview next requested an accounting of the sales of BANQUET labeled cheese from Mr. Greenberg on September 9, 2013. Aff. of Jackson Ex. B, (Dkt. 13-2.) In response to the request, Mr. Greenberg informed Lakeview: "That was not our deal," and indicated his companies had stopped selling the product. Aff. of Jackson Ex. C, (Dkt. 13-3.) On September 13, 2013, Mr. Jackson responded, indicating that the agreement regarding injunctive relief did not affect resolution of other aspects of the case, such as damages for the sale of infringing product, and again requested disclosure of the cheese sales. Aff. Of Jackson Ex. D, (Dkt. 13-4.) Mr. Jackson informed Mr. Greenberg that, if the information was not provided: "Lakeview has instructed us to pursue the litigation." *Id.* Additionally, Mr. Jackson noted that the complaint had not been answered, and that Defendants were in default. Mr. Jackson stated the following:

**MEMORANDUM DECISION AND ORDER - 3**

> We have not granted you any extension to answer the complaint. We have been laboring under the assumption that you would cooperate with us to resolve the remaining portions of this dispute, given your agreement to immediately cease and desist from using the Banquet trademark in connection with your business. If your response is anything other than an agreement with our approach by 12:00 pm (noon) Monday, we will pursue all remedies, including default remedies.

*Id.*

Mr. Greenberg immediately responded to Mr. Jackson's September 13, 2013 email, indicating that his companies had stopped selling the cheese, and he believed that ended the disagreement. *Id.* Ex. E, (Dkt. 13-5.) More email exchanges ensued. Mr. Jackson wrote on October 3, 2013, to confirm receipt of the information Lakeview had requested, but again requested additional information, indicating otherwise Lakeview would "proceed with the litigation." *Id.* Ex. G, (Dkt. 13-7.)

One month later, on November 1, 2013, Lakeview filed its motion for entry of default. (Dkt. 12.) The Clerk of the Court entered default on November 4, 2013, and Lakeview confirmed it had notified the Nelson-Ricks Defendants in this matter of the default on November 7, 2013. (Dkt. 14, 15.) On November 8, 2013, Nelson-Ricks appeared in this matter through counsel, and filed the motion to set aside the default on November 12, 2013. (Dkt. 16, 19.)

## DISPOSITION

**1.     Legal Standard**

"The court may set aside an entry of default for good cause .... " Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See*

**MEMORANDUM DECISION AND ORDER - 4**

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis considers three factors:

> (1) whether Nelson-Ricks engaged in culpable conduct that led to the default;
> (2) whether Nelson-Ricks has a meritorious defense; or
> (3) whether reopening the default judgment would prejudice Lakeview.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). As these factors are disjunctive, the district court may deny the motion if any of the three factors are true. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

The party seeking relief from the entry of default bears the burden of showing that these factors favor such relief. *See Franchise Holding II*, 375 F.3d at 926. In considering these good cause factors, however, the United States Court of Appeals for the Ninth Circuit instructs that the court is to be guided by the underlying policy concern that " 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984).

2.   Analysis

   A.   *Culpable Conduct*

Nelson-Ricks contends its failure to answer the complaint was unintentional, because they reasonably believed Lakeview's claims had been resolved by Nelson-Ricks' promise to stop selling BANQUET brand cheese in return for Lakeview's agreement to

**MEMORANDUM DECISION AND ORDER - 5**

not pursue a temporary restraining order or preliminary injunction, and had agreed on those terms to send a settlement agreement concluding the litigation. Lakeview counters that Nelson-Ricks, a sophisticated party, received notice of the action and, because of its sophistication, the failure to answer is itself indicative of culpability. Alternatively, Lakeview argues that Nelson-Ricks mislead Lakeview, and failed to provide requested information knowing that, without providing it, Lakeview intended to pursue the litigation.

Lakeview relies on this Court's holding in *Garner v. Wells Fargo Home Mortg., Inc.*, No. 1:10–CV–266–BLW, 2011 WL 2413841 (D. Idaho June 9, 2011), for its contention that, because Nelson-Ricks is a legally sophisticated party, its failure to answer, standing alone, constitutes culpability. But *Garner's* holding is not so black and white. In *Garner,* the plaintiff sued her former employer, Wells Fargo, for violations of the Family Medical Leave Act. After several telephone conversations between the lawyers for the parties, Wells Fargo never filed an answer, a notice of appearance, or requested an extension of time to answer. Just prior to the hearing on Garner's motion for default judgment, Wells Fargo notifed the Court of its intent to file a motion to set aside the Clerk's Entry of Default.

The Court recognized there appeared to be two lines of cases in the Ninth Circuit as to the correct standard for evaluating the "culpable conduct" factor for purposes of setting aside a default. The *TCI Group* standard holds that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Garner*, 2011 WL 2413841 at *2 (quoting *TCI Group*

**MEMORANDUM DECISION AND ORDER - 6**

*Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). The Court explained that *TCI Group* indicates that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct. Garner at *2 (quoting *TCI Group*, 244 F.3d at 697–98.) Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Garner* at *2 (quoting *TCI Group* at 698.)

The Court next explained that the second line of cases following *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), suggests that, "if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability." *Garner* at *2. But, the Court explained that, in *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010), the Ninth Circuit clarified the *Franchise Holding* standard for culpability is "inappropriate where the defaulting party is not represented by counsel or is otherwise not legally sophisticated." *Garner* at *2 (citing *Mesle*, 615 F.3d at 1093). In other words, *Mesle* limited the application of the *Franchise Holding* standard, and found that, with a sophisticated party, "an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.*

*Mesle* further explained that, in this context, the term "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to

**MEMORANDUM DECISION AND ORDER - 7**

answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092. A defendant's conduct is culpable for purposes of the good cause factors when there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. "Simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* (citing *TCI Group*, 244 F.3d at 696–97 and *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)).

While the Court in *Garner* considered Wells Fargo, who was represented by counsel, to be a legally sophisticated entity, the Court declined to exercise its discretion and assume Wells Fargo's culpability based solely on its failure to answer. *Garner* at *3. Instead, the Court considered the exchanges between counsel, and concluded that Wells Fargo's failure to answer resulted from mere negligence or inadvertence, rather than an attempt to manipulate the legal process or take advantage of the plaintiff. *Id.* The Court declined to find Wells Fargo's conduct culpable. *Id.*

Unlike Wells Fargo, the Court declines to find Nelson-Ricks a legally sophisticated entity.  Based upon the email exchanges in the record, there is no indication that Nelson-Ricks or Mr. Greenberg had access to "multiple in-house attorneys and . . . outside counsel," or otherwise "understood the dangers of failing to file an answer." *Garner* at *3. Nelson-Ricks was not acting through counsel when Mr. Greenberg, who

**MEMORANDUM DECISION AND ORDER - 8**

does not appear to be an attorney, corresponded with Lakeview's counsel, Mr. Jackson. According to Mr. Greenberg, he believed the parties had settled the dispute between them. Such an explanation is not consistent with a devious or deliberate bad faith failure to respond, but is indicative instead of inadvertence or neglect. Upon receipt of the Clerk's Entry of Default, Nelson-Ricks promptly appeared through counsel, and sought to set aside the default. Given the more lenient standard applied to Rule 55(c) motions in which default judgment has not been entered, the Court does not believe that Nelson-Rick's conduct should be considered culpable. *See Garner* at *3.

### B. *Meritorious Defenses*

A party seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d 1094 (quoting *TCI Group*, 244 F.3d at 700). Rather, the defendant satisfies the meritorious defense requirement if it alleges sufficient facts that, if true, would constitute a defense. *Id*. Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation. *Id*.

Nelson Ricks satisfies the meritorious defense requirements. Nelson Ricks indicates it intends to rely upon its good faith belief that Lakeview's claims against it had been settled in return for its promise to discontinue selling BANQUET labeled cheese. Further, Nelson Ricks argues that any damages Lakeview suffered are unliquidated and subject to proof. Nelson Ricks does not appear to deny that it was selling BANQUET labeled cheese prior to August 26, 2013. Lakeview considers Nelson-Rick's arguments to

MEMORANDUM DECISION AND ORDER - 9

be without merit, arguing that Nelson-Ricks has not proven its defenses, and that its defenses do not go to the merits of Lakeview's claims.

Although Nelson-Ricks apparently does not deny that it was selling BANQUET labeled cheese prior to August 26, 2013, it correctly points out that Lakeview must still prove its damages related to the infringement, an essential element of its claims against Nelson-Ricks. Further, if there was indeed an enforceable agreement between the parties to settle the matter, or estoppel applies, Lakeview may be precluded from seeking damages for its claims. It is not for the Court to decide these issues now, however.[1] Suffice it to say that the facts as alleged, if true, would constitute a defense. Accordingly, this factor supports setting aside the default.

### C. *Prejudice to Plaintiff*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits." *TCI Group*, 244 F.3d at 701; *accord Mesle*, 615 F.3d 1094. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463.

Lakeview asserts that it has suffered prejudice because its ability to timely discover the nature and extent of Nelson-Rick's misconduct has been thwarted, and it has now lost "several weeks" of opportunity. Lakeview's argument is weak, at best, and constitutes the sort of minimal delay to resolution of the case that does not rise to the level of prejudice. The Complaint was filed on August 15, 2013, and an answer was due

---

[1] The parties argue extensively about the facts and the merits of Nelson-Rick's defenses. However, in the context of this motion, the Court does not reach the merits of Nelson-Rick's defenses.

**MEMORANDUM DECISION AND ORDER - 10**

September 9, 2013. The delay at issue is three months, during which time the parties were discussing possible settlement of the matter. Lakeview has not identified the type of prejudice that its ability to pursue its claim will be impacted. Rather, the Court can immediately set a scheduling conference, and put this matter on track in an expeditious manner.

Moreover, default judgment has not been entered, and Lakeview would be required to proceed to hearing in any event to establish its claims and the amount of damages before it could obtain a default judgment. Fed. R. Civ. P. 55(b)(2). For these reasons, the Court does not find that the relatively short delay would prejudice Lakeview.

Nelson-Ricks offers an additional argument that Lakeview's counsel is disqualified, because of Mr. Jackson's letters to Mr. Greenberg. The Court declines to consider Nelson-Rick's argument at this time, as a proper motion for disqualification is not before the Court. Further, the alleged "prejudice" to Defendants by Mr. Jackson's continued representation of Lakeview is not the type of prejudice the Court considers in the context of the pending motion.

### D. Attorney Fees

Lakeview argues that the Court should condition the setting aside of the default upon Nelson Rick's payment of Lakeview's attorneys' fees and costs incurred in obtaining the default and responding to Nelson-Rick's motion. Nelson-Ricks did not respond to Lakeview's argument that attorney fees and costs should be awarded.

The decision to award fees and costs is discretionary. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–47 (9th Cir.

MEMORANDUM DECISION AND ORDER - 11

1988) (approving conditioning of vacating default judgment on defendant's payment of plaintiff's attorneys' fees); *Garner* at \*6-7; *See also Eagle Rock Sanitation, Inc. v. Jefferson County,* No. 4:12–cv–00100–EJL–CWD, Order November 9, 2012 (Dkt. 17) (awarding a flat fee of $1,000 against Defendants for Plaintiffs' counsel's preparation of the motion for entry of default and for its response to the motion to set aside the clerk's entry of default). The ability to impose a reasonable condition, such as payment of attorney fees, allows the Court to balance any undue prejudice to the moving party against the Court's preference for resolving disputes on the merits. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52 (E.D.N.Y. Feb. 13, 2008).

Here, only two months elapsed between the time the Answer was due and the motion for entry of default was granted. In less than two weeks after the Clerk's entry of default, Defendants appeared and moved to set it aside. During the time elapsed, it appears from the record that the parties were engaged in settlement discussions. The facts here do not suggest the exercise of the Court's discretion in favor of awarding fees and costs. While the Court does not condone Nelson-Rick's carelessness, Mr. Greenberg was not an attorney, and was not represented by an attorney. And, the case had not progressed to the point that default judgment was being sought, as in *Garner*, nor had Mr. Greenberg engaged in carelessness like counsel for the county in *Eagle Rock*, who simply miscalendared the deadline and had no acceptable excuse. The Court therefore finds that an award of attorneys' fees and costs is not warranted under the circumstances.

**MEMORANDUM DECISION AND ORDER - 12**

## CONCLUSION

Based upon the above, the Court concludes that Defendants meet the standard for setting aside the Clerk's Entry of Default. The Clerk's entry of default will be vacated, and the parties shall each bear their own costs and attorney fees.[2]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Set Aside Default (Dkt. 19) is **GRANTED**.

2) Defendants' Answer is due on or before January 3, 2014.

Dated: **December 13, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] After Defendants filed the motion to set aside default, Lakeview filed a notice of voluntary dismissal of Defendant Nelson-Ricks Creamery Company. Accordingly, this Order applies to the remaining Defendants, Nelson-Ricks Cheese Company, Inc., and Greenberg Cheese Company, Inc. The use of the moniker "Nelson-Ricks," as stated in the introduction, was meant to apply to all Defendants.

**MEMORANDUM DECISION AND ORDER - 13**