| | |
|---|---|
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NELSON-RICKS CREAMERY COMPANY, a Utah corporation; NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation; and GREENBERG CHEESE COMPANY, a California corporation,<br><br>    Defendants. | Case No. 4:13-cv-00361-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiff Lakeview Cheese Company, LLC moves for a preliminary injunction against two defendants – Greenberg Cheese Company and Nelson-Ricks Cheese Company.[1] *See* Dkt. 27. These defendants do not oppose Lakeview's motion, but they say that the terms of any injunction must precisely mirror the language used in

---

[1] Lakeview does not move for injunctive relief against a third defendant, Nelson-Ricks Creamery Company. All shorthand references to "Nelson-Ricks" in this decision refer only to Nelson-Ricks Cheese Company.

Lakeview's motion, without regard to the more precise language Lakeview used in its supporting memorandum of points and authorities. *See Non-Opposition*, Dkt. 33. The Court is unpersuaded. For the reasons explained below, the Court will enjoin Greenberg and Nelson-Ricks from selling cheese products under the BANQUET trademark. The precise terms of the injunction are set out below.

# FACTS[2]

In November 2012, Lakeview purchased assets from Nelson-Ricks Creamery Company, including the right to use the BANQUET trademark. The BANQUET mark is a well-known mark used in connection with cheese products. After purchasing these assets, Lakeview discovered that defendant Greenberg Cheese Company, operating as Nelson-Ricks Cheese or Greenberg Cheese, was using the BANQUET mark on its cheese products.

When Lakeview's counsel confronted these defendants, they agreed to stop using the mark if Lakeview would refrain from seeking injunctive relief from a Court. The terms of the parties' agreement were memorialized as follows:

2. Greenberg Cheese and Nelson-Ricks Cheese agree to immediately stop selling BANQUET labeled cheese.

3. Based on your agreement to #2, Lakeview will not pursue a temporary restraining order or preliminary injunction with the Court in Idaho.

---

[2] A more complete recitation of the facts is contained in Lakeview's moving papers. *See Mot. Memo.*, Dkt. 27-1, at 1-9. Greenberg and Nelson-Ricks did not challenge any of Lakeview's evidence or factual assertions. The Court therefore adopts Lakeview's fact statement as its own for purposes of ruling on this motion.

4. I [Lakeview's counsel] will send you a proposed agreement to settle this matter . . .

*Aug. 26, 2013 email, Ex. A to Jackson Dec.*, Dkt. 13-1, at 1. After this agreement was reached, a dispute erupted about whether Greenberg and Nelson-Ricks needed to do anything else to accomplish a broader settlement of the parties' dispute. The defendants said that since they had agreed to stop selling BANQUET-marked cheese, the entire dispute was over. Lakeview disagreed, saying that the parties' agreement was simply to forestall injunctive relief and that other terms remained to accomplish a full settlement. Specifically, Lakeview contended that Greenberg and Nelson-Ricks not only needed to stop selling BANQUET-marked cheese, but that there had to be some settlement relating to the damages Lakeview had already sustained by their past use of the BANQUET mark. The parties made some headway on this issue, but settlement discussions stalled in October 2013. Additionally, Lakeview says Greenberg and Nelson-Ricks have continued to sell BANQUET-marked cheese. *See Mot. Mem.*, Dkt. 27-1, ¶ 20.

## THE LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish that: 1) it is likely to succeed on the merits; 2) it is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in its favor; and 4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id*. at 24. "In each case, courts 'must balance the competing claims of injury and must

consider the effect on each party of the granting or withholding of the requested relief.'"
*Id*. (citation omitted).

## ANALYSIS

**1.     Defendants Concede that Injunctive Relief is Proper**

In its moving papers, Lakeview established the prerequisites for obtaining a preliminary injunction. Greenberg and Nelson-Ricks conceded as much by failing to oppose the motion, and by explicitly stating that they "do not oppose the relief requested in Plaintiff's Motion." *Non-Opposition,* Dkt. 33, at 1. Accordingly, based on plaintiff's evidence and argument, the Court finds Lakeview has shown it is likely to succeed on the merits of its trademark infringement claim, and that it will likely suffer irreparable harm in the absence of injunctive relief. The Court also finds that the balance of harms tips in Lakeview's favor and that the public interest supports injunctive relief.

**2.     The Scope of the Injunction**

The next task is to define the precise terms of the injunction. Greenberg and Nelson-Ricks say the Court should refer only to Lakeview's motion – and not the supporting memorandum of points and authorities – when defining the injunction. This argument is based on Federal Rule of Civil Procedure 7(b)(1)(C),[3] which says that motions must:

(A) be in writing unless made during a hearing or trial;

---

[3] The Court presumes defendants meant to cite this rule, rather than Rule 7.1, which deals with corporate disclosure statements.

(B) state with particularity the grounds for seeking the order; and

(C) state the relief sought.

Fed. R. Civ. P. 7(b)(1)(C).

In compliance with Rule 7, and with this Court's Local Rule 7.1, Lakeview filed two documents when it moved for a preliminary injunction: (1) a motion; and (2) a separate memorandum of points and authorities. *See* Dkts. 27, 27-1; *see generally* D. Idaho Local R. 7.1 (b)(1). As is typical in this district, Lakeview's motion is a brief document, containing just the following two sentences:

> Lakeview Cheese Co., LLC . . . respectfully requests, pursuant to Federal Rule of Civil Procedure 65, that this Court enter a preliminary injunction against defendants Nelson-Ricks Cheese Company, Inc. and Greenberg Cheese Company (collectively, "Greenberg") enjoining any use of Lakeview's BANQUET trademark in connection with its business. A memorandum of points and authorities accompanies this motion.

*Mot.*, Dkt. 27, at 1-2 (emphasis added). Lakeview's supporting memorandum of points and authorities fleshes out this request. There, Lakeview asked the Court to enter this injunction:

> [T]he Court should grant Lakeview's Motion and enter a preliminary injunction as follows: Greenberg, including all officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, is enjoined from selling and offering to sell cheese products under the BANQUET Mark. The requested injunction should (1) preclude Greenberg from making any further sales of the Infringing Goods, (2) order Greenberg to contact its customers and instruct them to stop its sales and return all such products to Greenberg, (3) order Greenberg to stop all advertising, including all Internet advertising, that depicts, promotes, or otherwise mentions the BANQUET Mark, and (4) preclude Greenberg from representing that it is the owner of any goodwill in the BANQUET Mark.

*Mot. Mem.,* Dkt. 27-1, at 25.

Greenberg and Nelson-Ricks balk at these more specific terms. Based solely on Rule 7, they say the Court should ignore the more precise directives in favor of the generic language used in Lakeview's motion. The Court is not persuaded.

First, Rule 65, which governs injunctions and restraining orders, states that every order granting an injunction must:

    (A)    state the reasons why it is issued;

    (B)    state its terms specifically; and

    (C)    describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1). In accordance with this directive, the Court will employ more specific language than that used in Lakeview's motion.

Second, the Court is not persuaded that Rule 7 prevents it from granting an injunction that is more specific than the one requested in the motion. The overriding function of Rule 7's motion requirement "is to afford notice of the grounds and the prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990) (commenting on Rule 7(b)(1)(B)'s particularity requirement); *see also Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008) (Rule 7's particularity requirement "should not be applied in an overly technical fashion when the purpose behind the rule is not jeopardized.") Lakeview's motion served this function. It

informed Greenberg and Nelson-Ricks that Lakeview would seek to enjoin them from using the BANQUET trademark in their business. The supporting memorandum provided the more specific means to accomplish that general injunction, and those specifics are consistent with the motion's more general request.

Additionally, the Court is bound to interpret Rule 7 through the lens of Rule 1 – that "first and greatest of the Rules." *Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 557 (5th Cir. 1964) (Wisdom, J.). Under Rule 1, this Court must construe and administer all the procedural rules "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 1's force would be seriously blunted if defendants could avoid the relief Lakeview sought by doing nothing more than invoking Rule 7 and turning a blind eye to the specific relief Lakeview sought within its memorandum of points and authorities. If defendants opposed the more specific terms of the requested injunction, they should have explained why in a response brief.

Accordingly, and for good cause appearing, the Court will enter an injunction that is consistent with, but more detailed than, the injunction Lakeview requested in its motion. The Court will, however, modify some terms of the requested injunction, as explained in the following line-item analysis of Lakeview's requested injunction.

**A.     Sales.**  As requested, the Court will enjoin Greenberg and Nelson-Ricks from selling or offering to sell cheese products under the BANQUET mark.

**B.     Representations as to Ownership.**  Likewise, on the strength of the moving papers, the Court will enjoin these defendants from representing that they are the owners of any goodwill in the BANQUET mark.

**C.     Advertising.**  Regarding advertisements, Lakeview asks the Court to order Greenberg and Nelson-Ricks to "stop all advertising, including all Internet advertising, that depicts, promotes, or otherwise mentions the BANQUET Mark." The Court will enjoin the defendants from offering BANQUET-marked cheese for sale in its advertising, but it will tailor this part of the injunction more narrowly than Lakeview suggests. For example, the Court will not enjoin defendants from "otherwise mentioning" BANQUET in their advertisements; the key point is to prevent defendants from selling BANQUET cheese products; the Court will not prevent these defendants from even mentioning BANQUET in their advertisements.

**D.     Notice to Third Parties; Product Returns.**  Finally, the Court will deny Lakeview's request for an order directing Nelson-Ricks and Greenberg to "contact [Greenberg's and Nelson-Ricks'] . . . customers and instruct such customers to stop their sales of BANQUET-marked cheese products and return any such products to defendants." With this request, Lakeview is asking the Court to issue a mandatory injunction. The other requests were prohibitory. A prohibitory injunction prevents a party from taking action and thus preserves the status quo pending a determination on the merits. *See generally Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009). A mandatory injunction goes further by ordering a party to do something. *Id.*

Lakeview did not cite authority or provide argument to support a mandatory injunction. *See generally id.* at 877 (discussing additional factors district courts must consider when a moving party in a trademark infringement case seeks a product recall).

In view of this, and because mandatory injunctions are "'particularly disfavored,'" the Court declines to issue this part of the requested injunction. *Id.* (citation omitted).

3. **Security**

Finally, the Court will address security. Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined . . . ." Because the defendants have not challenged the plaintiff's entitlement to injunctive relief, the Court finds that security in the amount of $25,000 is sufficient under the circumstances of this case. This amount may be increased, if necessary, based upon an appropriately filed motion by defendants supporting such an increase.

## ORDER

**IT IS ORDERED that:**

**(1)** Lakeview's motion for a preliminary injunction (Dkt. 27) is **GRANTED in part and DENIED in part** for the reasons stated above.

**(2)** Greenberg Cheese Company and Nelson-Ricks Cheese Company, including all officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation with either or both of these entities, are enjoined from selling and offering to sell cheese products under the BANQUET Mark.

**(3)** Greenberg Cheese Company and Nelson-Ricks Cheese Company shall not make any further sales of BANQUET-marked cheese products.

**(4)** Greenberg Cheese Company and Nelson-Ricks Cheese Company shall stop all advertising, including all Internet advertising, which promotes or offers BANQUET products for sale, or which indicates that either Greenberg Cheese Company or Nelson-Ricks Cheese Company are authorized to sell BANQUET-marked cheese; and

**(5)** Greenberg Cheese Company and Nelson-Ricks Cheese Company shall not represent that they are the owner of any goodwill in the BANQUET mark.

**(6)** Lakeview shall post security in the amount of $25,000 no later than 48 hours after this order issues.

DATED: February 12, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court