UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NELSON-RICKS CREAMERY COMPANY, a Utah corporation; NELSONRICKS CHEESE COMPANY, INC., an Idaho corporation; and GREENBERG CHEESE COMPANY, a California corporation,<br><br>Defendants. | Case No. 4:13-cv-00361-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court is Plaintiff Lakeview Cheese Company's Application for Attorney Fees (Dkt. 54). For the reasons set forth below, the Court will award Lakeview the requested attorney fees in the amount of $7,361.00.

## ANALYSIS

Lakeview and Defendants Greenberg Cheese Company and Nelson-Ricks Cheese

Company, Inc. (collectively "Greenberg") entered into a General Release and Settlement Agreement to resolve their disputes. As part of the settlement, Greenberg agreed to the entry of a permanent injunction, to release the surety bond, and to make four monthly payments of $10,000 for a total payment of $40,000 to Lakeview in exchange for Lakeview's releasing its claims.

The first payment was due on April 1, 2014, but Greenberg never paid. To make Greenberg perform, Lakeview filed a motion to enforce the settlement agreement, which the Greenberg did not oppose, and the Court granted on August 21, 2014. *Memorandum Decision and Order,* Dkt. 53. The Court also granted Lakeview's request for attorney fees incurred in enforcing the settlement agreement. To that end, the Court directed Lakeview to submit an affidavit detailing the costs and fees incurred in enforcing the settlement. Lakeview submitted such an affidavit, requesting $7,361.00 in attorney fees.

Greenberg has now reemerged to oppose the request. It argues that a more reasonable fee to be awarded Lakeview is $2,560.00. Specifically, Greenberg maintains that Lakeview's counsel "overstaffed" this "simple legal matter[] with multiple senior members of law firm charging top-of-the market hourly rates." *Greenberg's Resp. Br.* at 6, Dkt. 55.

The starting point for determining a reasonable attorney fee is the "lodestar" figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Court has reviewed the cost bill and finds the hours Lakeview's counsel expended in enforcing the settlement agreement was reasonable. Greenberg argues that Lakeview's attorneys, Scott Randolph and Brett Foster, spent an excessive amount of time "supervising" the work of Ted Murdock, a lawyer with 16 years of litigation experience. But the Court reads the time entries differently than Greenberg. Based on the Court's review, Mr. Randolph and Mr. Foster spent the majority of their time communicating with their client and with opposing counsel in attempt to enforce the settlement agreement without filing a motion. It does appear Mr. Randolph spent a little time providing background to Mr. Murdock about the case and reviewing the motion to enforce the settlement agreement, which Mr. Murdock researched and drafted, but the Court does not believe it was an unreasonable amount of time and likely saved Mr. Murdock time in the long run.

Likewise, the Court finds the hourly rates are reasonable. The Court must determine a reasonable hourly rate by considering the experience, skill and reputation of the attorneys requesting fees. *See Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995). "A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Id.* (internal quotations and citations omitted). The relevant community in this case is Boise, Idaho, where this Court sits.

Here, Greenberg does not argue that the hourly rates charged exceed the prevailing market rates based on each attorney's experience, skill, and reputation. Instead,

Greenberg argues that the motion to enforce the settlement agreement was not complex, and therefore the hourly rate should be reduced to $320 an hour. But the reasonableness of the rate does not depend on the complexity of an isolated motion, and the Court will therefore not adjust the attorneys' rates because the motion was simple.

Accordingly, the Court finds that Lakeview's requested fee award $7,361.00 is reasonable

## ORDER

**IT IS ORDERED that** Plaintiff Lakeview Cheese Company's Application for Attorney Fees (Dkt. 54) is GRANTED. Greenberg shall pay Lakeview $7,361.00 in attorney fees.

DATED: February 23, 2015

B. Lynn Winmill
Chief Judge
United States District Court